**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-4542**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SHMIR AL-MIN MUHAMMAD, a/k/a Roddy Wilson,

Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  Frank W. Bullock, Jr., District Judge.  (CR-03-386)

---

Submitted:  April 29, 2005                Decided:  June 8, 2005

---

Before WILKINSON, MICHAEL, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Romallus O. Murphy, LAW OFFICE OF ROMALLUS O. MURPHY, Greensboro, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Lisa B. Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Shmir Al-Min Muhammad was convicted of possessing firearms and ammunition in commerce after felony conviction, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2000). He was sentenced to 120 months' imprisonment. On appeal, Muhammad asserts the district court erred in denying his motion to suppress evidence seized from his residence, based on the circumstances of his consent to the search.[1] Finding no reversible error, we affirm.

This court reviews the factual findings underlying a motion to suppress for clear error, and the district court's legal determinations de novo. See Ornelas v. United States, 517 U.S. 690, 699 (1996). When a suppression motion has been denied, this court reviews the evidence in the light most favorable to the government. See United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998).

With these standards in mind, and having reviewed the transcript of the suppression hearing and the parties' briefs, we conclude that the district court did not err in denying the motion to suppress.[2] Accordingly, we affirm the judgment. We dispense

---

[1]Muhammad has not raised a claim under United States v. Booker, 125 S. Ct. 738 (2005), or Blakely v. Washington, 124 S. Ct. 2531 (2004). Indeed, he raises no challenge to his sentence. Thus, he has waived review of the sentence.

[2]In his brief, Muhammad also claims that the district court erred in denying his motion to dismiss at the close of the government's evidence and at the close of all of the evidence. Because Muhammad provides no argument supporting this claim,

- 2 -

with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

however, the claim is waived.  <u>See</u> Fed. R. App. P. 28(a)(9)(A) (providing that the appellant's brief must contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies"); <u>11126 Baltimore Blvd., Inc. v. Prince George's County</u>, 58 F.3d 988, 993 n.7 (4th Cir. 1995) (en banc) (declining to consider arguments for failure to comply with Rule 28).